```
LEVITT & SLAFKES, P.C.
76 South Orange Avenue - Suite 305
South Orange, New Jersey 07079
(973) 313-1200
Attorneys for Plaintiff
BY: Bruce H. Levitt, Esq. (BL9302)
```

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In Re: | CHAPTER 13 |
| John T. Kemp | Case No.: 08-18700 |
|  | Adv.Pro. No.:08-2448JHW |
| Debtor. |  |
|  | OPPOSITION TO MOTION TO DISMISS |
| John T. Kemp, |  |
| Plaintiff. |  |
| v. |  |
| Countrywide Home Loans Inc., |  |
| Defendant. |  |

Plaintiff, John M. Kemp, by and through counsel, Levitt & Slafkes, P.C., opposes defendant's motion to dismiss the adversary complaint for the reasons that follow:

1.  Defendant seeks an order from this court dismissing the above-captioned adversary proceeding for failure to state a claim upon which relief may be granted.

2. In the certification and brief filed in support of the motion defendant takes the position that the complaint should be dismissed because plaintiff "has failed to establish that the mortgage of the secured creditor is invalid and that the Proof of Claim should be expunged". Attached to the certification and addressed in the brief are the mortgage, the assignment of the mortgage and the note. Because defendant is relying on matters beyond the pleadings, the motion must be treated as one for summary judgment.

3. In order to hold a valid lien on the debtor's real property, defendant must be the holder of the note and the recipient of an assigned mortgage.

4. The law of New Jersey is settled that where the mortgage alone is assigned without the underlying promissory note, the assignee is not a secured creditor. A mortgage secures a debt. "Without an obligation to secure there can be no valid mortgage." <u>Mardirossian v. Wilder</u>, 76 N.J. Super. 37 (Ch. Div. 1962). If there is a note or other obligation which the mortgage secures then "an attempted assignment of a mortgage, apart from the debt, is a nullity, a mortgage by itself mot being a fit subject for assignment." 55 Am.Jur.2d, Mortgages §1002 (2007). "This is so because a mortgage secures a debt and the mortgagee

before foreclosure has no interest in the mortgaged property that he can convey, unless he simultaneously transfers the debt the mortgage secures." <u>Gotlib v. Gotlib</u>, 399 N.J. Super. 295, 312 - 13 (App.Div. 2008), citing 55 Am.Jur.2d, Mortgages §1002 (2007).

    5. Based on the record provided by defendant, the current mortgage holder is "Bank of New York as Trustee for the Certificateholders CWABS, Inc., Asset Backed Certificates, Series 2006-8" ("Bank of New York"). The holder of the note is Countrywide Home Loans, Inc. That note was never endorsed. Because the mortgage and the note are held by two different parties, Bank of New York is not a secured creditor in this matter.

    6. While it is plaintiff's position that Bank of New York is not even an unsecured creditor in this case because it does not hold the note, its ultimate status and treatment must await the trial on the merits.

    7. Accordingly, plaintiff requests that the motion to dismiss be denied.

    WHEREFORE, it is respectfully urged that defendant's motion to dismiss the complaint be denied.

                                LEVITT & SLAFKES, P.C.
                                Attorneys for Plaintiff
                              By:<u>/s/Bruce H. Levitt</u>
                                  Bruce H. Levitt

Dated: July 6, 2009