**LEVITT & SLAFKES, P.C.**
76 South Orange Avenue - Suite 305
South Orange, New Jersey 07079
(973) 313-1200
Attorneys for Plaintiff
BY: Bruce H. Levitt, Esq. (BL9302)

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In Re:<br><br>    John T. Kemp<br><br>            Debtor. | CHAPTER 13<br><br>Case No.: 08-18700<br><br>Adv.Pro. No.:08-2448JHW |
| John T. Kemp,<br><br>       Plaintiff.<br><br>       v.<br><br>Countrywide Home Loans Inc.,<br><br>       Defendant. | TRIAL BRIEF OF PLAINTIFF |

Plaintiff, John T. Kemp, by and through counsel Levitt & Slafkes, P.C., by way of this trial brief says as follows:

## **FACTS**

The stipulated and disputed facts are set forth in the parties other pre-trial submissions.

## **LEGAL ARGUMENTS**

The parties have stipulated that on May 31, 2006, plaintiff

executed an Interest Only Adjustable Rate Note in favor of Countrywide Home Loans, Inc. The note itself is not endorsed.

In the context of mortgage foreclosures, a party is not a secured creditor and lacks standing to foreclose unless the it is both the owner of the mortgage and the holder of the Note, the transfer of which is governed by the Uniform Commercial Code:

> . . . [A]n effective transfer of a real estate mortgagee's interest ordinarily involves a transfer of both the secured obligation and the mortgagee's security interest in the land. **If the secured obligation is a promissory note, the Uniform Commercial Code governs its transfer**; in other cases, (e.g., bonds) the law of contracts will ordinarily apply. But since **the secured obligation is the principal thing and the mortgage that secures it is only "an incident which follows and attends the principal,"** an assignment of the bond or note evidencing the secured obligation operates as an assignment of the mortgage "in equity."

29 N.J. Prac., Law of Mortgages § 11.2 (2d ed.) (emphasis added), *citing inter alia* Stevenson v. Black, 1 N.J. Eq. 338, 343 (Ch. 1831); Morris Canal & Banking Co. v. Fisher, 9 N.J. Eq. 667, 696-97, 700, (E & A 1855); Dimon v. Dimon, 10 N.J.L. 156, 158 (Sup. Ct. 1828); Sayre v. Fredericks, 16 N.J. Eq. 205, 206 (Ch. 1863); Blue v. Everett, 56 N.J. Eq. 455, 458 (E & A 1897); Federal Reserve Bank of Phila. v. Welch, 122 N.J. 90, 92 (Ch. 1937). Assignment of the mortgage alone without transfer of the underlying obligation is ineffective. "[W]ithout the assignment of the debt, which is but evidence thereof, the assignment of the

security confers no rights." Johnson v. Clarke, 28 A. 558 (Ch. 1894).

Pursuant to New Jersey's Uniform Commercial Code (UCC), a "holder" of a negotiable instrument is "the person in possession if the instrument is payable to bearer or, in the case of an instrument payable to an identified person, if the identified person is in possession." N.J.S.A. 2A:1-201(20). An instrument is transferred "when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument," delivery being defined as a "voluntary transfer of possession." N.J.S.A. 2A:3-203(a); N.J.S.A. 2A:1-201(14).

"It is axiomatic that a suit cannot be prosecuted to foreclose a mortgage which secures the payment of a promissory note, unless the Plaintiff actually **holds** the original note." In re Development Group, Inc. 50 B.R. 588 (S.D. Fla. 1985) (emphasis added).

It is expected that defendant will attempt to offer an allonge to the note in an effort to convince this court that it is the holder.

In Adams v. Modison Realty & Development, Inc., 853 F.2d 163 (3rd Cir. 1988), the Third Circuit engaged in a thorough analysis of the concept of who can be a "holder" of a promissory note. After noting that multiple jurisdictions only permit the use of allonges where there is no room for an endorsement on the note

itself, 853 F.2d at 167, the court concluded that an allonge is only valid if it is firmly affixed to the note itself. Id. Loose pages are insufficient. Id. At 166. Accordingly, the court held that the failure to permanently affix the allonge to the note is "fatal to holdership". Id. At 168.

Recently, in <u>In re Wells,</u> Case No. 08-17639 (Bankr.N.D. Ohio 6/19/2009)(a copy of the as yet unpublished decision is attached), the Bankruptcy Court for the Northern District of Ohio was faced with a challenge to a proof of claim filed by a securitized trust claiming to hold a security interest in the debtor's real property. While no note at all was produced in that case, the parties agreed that there was a promissory note executed in favor of the original lender. In her decision, Judge Morgenstern-Clarren analyzed the necessity of a properly endorsed promissory note under the Ohio version of the UCC (which appears to be identical to New Jersey law). Citing the Third Circuits decision in <u>Madison Realty</u>, the judge recognized that an allonge must be "affixed to the instrument" in order to be effective. Finding that there was no evidence before the court that the note was negotiated to the creditor in that case, Judge Morgenstern-Clarren concluded that the creditor had not shown that it had in interest in the note when it filed the proof of claim in the case. For that and other reasons, the court expunged the claim.[1]

---

[1] The <u>Wells</u> case also contains an excellent analysis of the distinction between owning the note and having the right to enforce the note. Even if defendant can somehow claim that it is

Other than the allonge which was only recently produced, defendant has provided no other documentation or basis for asserting that it is the holder, owner or transferee of the note.

## **CONCLUSION**

Based upon the evidence which is expected to be presented at trial, and for the reasons set forth herein, it is respectfully urged that this court enter judgment in favor of plaintiff in this adversary proceeding, expunge the claim of Countrywide Home Mortgage, Inc., Servicer for Bank of New York and declare that Bank of New York as Trustee for the Certificate Holders Cwabs, Inc. Asset-backed Certificates, Series 2006-8 does not hold a valid lien on the real property located at 1316 Kings Highway, Haddon Heights, New Jersey.

                                      LEVITT & SLAFKES, P.C.
                                      Attorneys for Plaintiff

                                      By: /s/Bruce H. Levitt
                                            Bruce H. Levitt

Dated: August 4, 2009

---

the owner of the note, it has no rights to collect.