**LEVITT & SLAFKES, P.C.**
**76 South Orange Avenue - Suite 305**
**South Orange, New Jersey 07079**
**(973) 313-1200**
**Attorneys for Plaintiff**
**BY: Bruce H. Levitt, Esq. (BL9302)**

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In Re:<br><br>    John T. Kemp<br><br><br>        Debtor. | CHAPTER 13<br><br>Case No.: 08-18700<br><br>Adv.Pro. No.:08-2448JHW |
| John T. Kemp,<br><br>        Plaintiff.<br><br>        v.<br><br>Countrywide Home Loans Inc.,<br><br>        Defendant. | REPLY TO SUPPLEMENTAL<br>SUBMISSION OF DEFENDANT |

Plaintiff, John T. Kemp, by and through counsel, Levitt & Slafkes, P.C., submits the following reply to the supplemental submission of plaintiff:

**PRELIMINARY STATEMENT**

At the conclusion of testimony when this matter was heard for trial on August 11, 2009, the court requested that counsel for plaintiff file a signed copy of the Pooling and Servicing

1

Agreement governing this loan and brief the issue of transfer of the promissory note under Section 203 of the Uniform Commercial Code.  N.J.S.A. 12A:3-203.  Plaintiff has done neither. Plaintiff has filed an unsigned copy of the Pooling and Servicing Agreement, and in its supplemental submission, again argues for the court to accept the allonge despite the Court's stated intention to abide by the law of the Third Circuit on the issue. Moreover, for the first time, plaintiff asserts that a lost note affidavit somehow excuses compliance with the Uniform Commercial Code.[1]

The only evidence before the court regarding the transfer of the note was provided in testimony by the witness for defendant who repeatedly testified in no uncertain terms that the note has always remained in the Countrywide (now Bank of America) vault, and was never transferred.

---

[1] The court should be aware that this first time plaintiff learned that the note had been lost and that there was a lost note affidavit was upon receipt of defendant's supplemental submission.  While its relevance is questionable, at the very least defendant was required to produce that document pursuant to Fed. R. Civ. P. 26 and in discovery.  Accordingly, it should not be considered.

## LEGAL ARGUMENT

### POINT ONE

### MERE POSSESSION OF THE NOTE BY DEFENDANT DOES NOT CONFER THE RIGHT OF ENFORCEMENT

Based on the testimony at trial, this court must rule in favor of the plaintiff.

In a very recent decision from the United States Bankruptcy Court for the District of Idaho, the court analyzed Section 3-203 of the Idaho Uniform Commercial Code, which language is identical to that contained in N.J.S.A 12A:3-203. See In re Wilhelm, 407 B.R. 392 (Bankr. D.Idaho 2009). In Wilhelm, as in this case, the court first concluded that none of the creditors in the numerous cases under consideration were holders with rights to enforce the instruments because there were no proper endorsements. Thus, the court turned its attention to the issue of whether any of the creditors were "non-holders in possession with rights to enforce". Id. The Wilhelm court relied on the following statutory comments which are equally applicable to N.J.S.A. 12A:3-203:

> If the transferee is not a holder because the transferor did not indorse, the transferee is nevertheless a person entitled to enforce the instrument under Section 3-301 if the transferor was a holder at the time of the transfer. Although the transferee is not a holder, under subsection (b) [*sic*, (2)] the transferee obtained the rights of the transferor as holder. *Because the transferee's rights are derivative of the transferor's rights, those rights must be proved. Because the transferee is not a holder, there is no presumption under Section 3-308 that the transferee, by*

> *producing the instrument, is entitled to payment. The
> instrument, by its terms, is not payable to the transferee
> and the transferee must account for possession of the
> unindorsed instrument by proving the transaction through
> which the transferee acquired it.*

Id. Because none of the creditors involved in the Wilhelm case produced evidence that they either had physical possession of the note or proof that a transfer took place, the court concluded that those creditors had no rights to collect on the notes.

The New Jersey Appellate Division has ruled that ownership of a negotiable instrument does not pass until it is physically transferred to the person seeking to enforce it. Scherer v. Hyland, 153 N.J.Super. 521, 528 (App.Div. 1976). Possession of the note can sometimes raise a presumption of delivery. Id.

Here, while defendant does purport to have the original note, no evidence has been submitted to the court upon which to conclude that the document was ever in the possession of Bank of New York as Trustee for the Certificate Holders Cwabs, Inc. Asset-backed Certificates, Series 2006-8, the entity on behalf of which defendant is acting. Moreover, the record is clear that no transfer ever took place. According to defendant's witness, physical possession of the note never changed hands.

Therefore, defendant has failed to show that Bank of New York as Trustee for the Certificate Holders Cwabs, Inc. Asset-backed Certificates, Series 2006-8 has or had physical possession of the note and have not shown any transaction by which they

acquired possession of the notes.

## POINT TWO

### NEGOTIATION OF A NOTE IS GOVERNED EXCLUSIVELY BY THE UNIFORM COMMERCIAL CODE

The Uniform Commercial Code was adopted in the State of New Jersey in 1961. <u>Sarasota-Coolidge Equities II, LLC v. S. Rotondi and Sons, Inc.</u>, 339 N.J.Super. 105, 111 (App. Div. 2001). The Uniform Commercial Code provides the sole mechanism to determine the rights of parties with regard to negotiable instruments such as the note in this case. Nevertheless, defendant urges this court to create a new basis to enforce a negotiable instrument under some type of constructive possession theory. In support, defendant cites a case that precedes the Uniform Commercial Code by nearly 50 years. Nothing in the Uniform Commercial Code permits a creditor to assert rights has the constructive holder of a note. The argument must, therefore, fail.

## POINT THREE

### THE PROOF OF CLAIM MUST BE EXPUNGED BECAUSE THE CLAIM IS UNENFORCEABLE

Defendant also takes the position that its claim cannot be disallowed because no basis to do so is innumerated in Section 502 of the Bankruptcy Code. Yet, defendant immediately goes on to cite the statutory provision which sets forth that a claim cannot be allowed to the extent it is not enforceable against the debtor or property of the estate. Defendant's claim is

unenforceable against this debtor and this real property belonging to the bankruptcy estate.

Defendant goes on to again cite a case which is wholly unrelated to the case at bar. The case of In re Burkett, 329 B.R. 820 (Bankr. S.D.Ohio 2005) deals with the issue of how much documentation should be attached to a proof of claim. In rejecting the assertion that a failure to attach documents to the claim alone constitutes a basis to expunge the claim, the court specifically held that the claimant must establish the validity, ownership and amount of the claim. Defendant cannot do so in this case.[2]

---

[2] In a late submission, defendant asserts that the Pooling and Servicing Agreement grants the servicer the right to file a proof of claim. The Pooling and Servicing Agreement is inadmissible because the signed copy has not been filed. Notwithstanding, the challenge to the claim is not based upon the right of the servicer to actually file the claim, it is based upon the fact that neither the Trustee nor the Servicer has standing to assert the claim.

**CONCLUSION**

For each of the foregoing reasons, as well as those set forth in plaintiff's trial brief, it is respectfully urged that this court enter judgment in favor of plaintiff in this adversary proceeding, expunge the claim of Countrywide Home Mortgage, Inc., Servicer for Bank of New York and declare that Bank of New York as Trustee for the Certificate Holders Cwabs, Inc. Asset-backed Certificates, Series 2006-8 does not hold a valid lien on the real property located at 1316 Kings Highway, Haddon Heights, New Jersey.

            LEVITT & SLAFKES, P.C.
            Attorneys for Plaintiff


            By: /s/Bruce H. Levitt
              Bruce H. Levitt

Dated: September 18, 2009