UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

FRENKEL, LAMBERT, WEISS, WEISMAN &
GORDON LLP
80 Main Street, Suite 460, West Orange, N.J. 07052
973-325-8800
Attorney for BAC Home Loan Servicing, L.P. (Formerly
known as Countrywide Home Loans, Inc. servicer for Bank
of New York), Secured Creditor
DLS-2756

Case No.: **08-18700**

CHAPTER 13

In Re:
**John T. Kemp**

Judge: **Judith H. Wizmur**

**Trial Date: September 24, 2009**

**Adversary Proceeding: 08-02448**

**John T. Kemp,**
        **Plaintiff,**
**vs.**

**Countrywide Home Loans, Inc.**
        **Defendant.**

**SUPPLEMENTAL SUBMISSION BY DEFENDANT,**

**BAC Home Loan Servicing, L.P. (Formerly known as Countrywide Home Loans, Inc.,)**

**servicer for Bank of New York**

## STATEMENT OF FACTS

_____The Defendant relies on the Joint Stipulation of Undisputed Facts submitted by the

Plaintiff/Debtor but also sets forth additional facts.  On October 16, 2008, Plaintiff filed the

instant adversary proceeding.  In short, the Plaintiff alleged that the Defendant/Secured Creditor

does not own the loan; that the mortgage is invalid; and that the Proof of Claim should be

expunged.  The intended purpose of the proceeding commenced by the Plaintiff/Debtor was "to

determine the extent and validity of the lien based on loan documentation."  The Plaintiff

requested and received copies of the Note; Mortgage; Assignment of Mortgage, and  Allonge to

the Note (Allonge to Note is attached hereto as Exhibit "A").   Said documents establish that

Bank of New York is the holder and owner of the loan and has standing.

On June 15, 2009, the Defendant/Secured Creditor filed a motion to dismiss the adversary

proceeding.  The Plaintiff/Debtor filed opposition to the motion. The hearing date of the motion

was set for August 3, 2009.  The attorney that was scheduled to appear in court was late for court

and was unable to give oral argument. As a result, the motion to dismiss was denied.  Therefore,

a trial was scheduled for August 11, 2009.  After hearing oral argument, Judge Wizmur

adjourned the trial to September 24, 2009 to allow the Defendant/Secured Creditor to produce a

certified copy of the original Pooling and Servicing Agreement and to further address whether

the transfer of the Note was proper.  After the hearing, the Defendant/Secured Creditor located

the original Note.  The original Note with allonge and Pooling and Servicing Agreement are

available for inspection.

## LEGAL ARGUMENTS

### POINT I

### THE PLAINTIFF/DEBTOR RELIES ON CASE LAW
### WHICH IS NOT APPLICABLE TO THIS CASE

The Plaintiff/Debtor alleges that the Defendant/Secured Creditor is not entitled to file the

present proof of claim because it is not the holder of the Note.  The Debtor relies on In re Wells,

Case No. 08-17639, an unpublished case which is not mandatory precedent.  In re Wells

concerned a case in which the secured creditor was unable to produce an allonge.  In this case,

the note and allonge have been produced.  The Plaintiff/Debtor cites another case which is not

mandatory precedent, In re Development Group, Inc. 50 B.R. 588 (S.D. Fla. 1985), claiming that

the Secured Creditor must actually hold the Note.  In Development Group, the plaintiff had

assigned the note and mortgage at closing and attempted to foreclose on the property. The court's

ruling in Development Group cannot be applied to the facts of this case since the

Defendant/Secured Creditor is able to establish standing.  Although the Defendant/Secured

Creditor assigned its rights to the Mortgage and Note, the Pooling and Servicing Agreement

("PSA") gives the Defendant/Secured Creditor the right to file the proof of claim.  Assuming

arguendo that the Plaintiff's case law is applicable, the facts are distinguishable in that the

Defendant/ Secured Creditor in the case at hand is able to produce the original note with allonge

and has standing to file the proof of claim as set forth in the PSA.

### POINT II

### THE PLAINTIFF/DEBTOR LACKS A BASIS FOR
### OBJECTING TO THE PROOF OF CLAIM

The exclusive bases for disallowing a proof of claim are contained in 11 U.S.C. § 502.  In

re Burkett, 329 B.R. 820 (Bankr.S.D.Oh.2005); In re Shank, 315 B.R. 799 (Bankr.N.D.Ga.2004).

11 U.S.C.A. § 502(b) sets forth that if an:

> objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that–
>
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;
>
> (2) such claim is for unmatured interest
>
> (3) if such claim is for a tax assessed against property of the estate, such claim exceeds the value of the interest of th estate in such property;
>
> (4) if such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services;
>
> (5) such claim is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5) of this title;
>
> (6) if such claim is the claim of a lessor for damages rsulting from the termination of a lease of real property, such claim exceeds...
>
> (7) if such claim is the claim of an employee for damages resulting from the termination of an employment contract, such claim exceeds...
>
> (8) such claim results from a reduction, due to late payment, in the amount of an otherwise applicable credit available to the debtor in connection with an employment tax on wages, salaries, or commissions earned from the debtor; or
>
> (9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely field if it is filed before 180 days after the date of the order for relief or such later time as the  Federal Rules of Bankruptcy Procedure may provide, and except that in a case under Chapter 13, a claim of a governmental unit for a tax with respect to a return field under section 1308 shall be timely if the claim is filed on or before the date that is 60 days after the date on which such return was filed as required.

The Plaintiff/Debtor's objection to the Defendant/Secured Creditor's proof of claim does not fall under any of the enumerated exceptions.  According to Burkett, at 828, "none of the bases for disallowing claims provided in § 502 includes a lack of documentary evidence nor can Rule 3001 and Official Form 10 expand on these statutory bases for disallowance."  In the case at bar, the Defendant/Secured Creditor is able to produce the original Note with allonge.  As such, there is no basis for an objection to the proof of claim.

## POINT III

## THE DEFENDANT/SECURED CREDITOR IS
## ENTITLED TO ENFORCE THE NOTE UNDER THE UCC

UCC § 3-203 states:

(a) An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument.

(b)Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course...

UCC § 3-204(a) declares:

"Indorsement" means a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of (i) negotiating the instrument, (ii) restricting payment of the instrument, or (iii) incurring indorser's liability on the instrument, but regardless of the intent of the signer, a signature and its accompanying words is an indorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than indorsement. For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument.

The Defendant/Secured Creditor is able to firmly affix the allonge to the original Note.

Assuming arguendo that the Court finds that the Defendant/Secured Creditor did not have possession of the Note at the time of the filing of the proof of claim, then the Defendant/Secured Creditor still had the right to enforce the Note as enumerated by UCC § 3-301.

UCC § 3-301 defines a "person entitled to enforce an instrument as either:

(i) the holder of the instrument,
(ii) a nonholder in possession of the instrument who has the rights of a holder, or
(ii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3-309 or 3-418(d).

A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

UCC § 3-309(a) states:

A person not in possession of an instrument is entitled to enforce the instrument if:
(1) the person seeking to enforce the instrument:
(A) was entitled to enforce the instrument when loss of possession occurred; or
(B) has directly or indirectly acquired ownership of the instrument from a person

who was entitled to enforce the instrument when loss of possession occurred;

(2) the loss of possession was not the result of a transfer by the person or a lawful seizure; and

(3) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

According to the UCC, an entity may be entitled to enforce the instrument even though it may not be the proper holder of the instrument at the time of filing.

In this case, the Defendant/Secured Creditor meets the requirements of UCC § 3-309(a). (1) The Defendant/Secured Creditor directly acquired ownership of the Note from the original Lender. (2) The loss of the Note was not caused by the transfer of possession or a lawful seizure. (3) At the time of filing the proof of claim, the Defendant/Secured Creditor was unable to reasonably obtain possession of the original Note because the whereabouts of the Note could not be determined. Thus, although the endorsement of the Note to the Defendant/Secured Creditor may not have been effective because the allonge was not properly attached to the Note, the Defendant/Secured Creditor is still entitled to enforce the Note. Additionally, the Defendant/Secured Creditor has now located the Note and attached the allonge.

## POINT IV

### THE DEFENDANT/SECURED CREDITOR ACQUIRED CONSTRUCTIVE POSSESSION OF THE NOTE

Regardless of the UCC definition, the Defendant/Secured Creditor acquired constructive possession of the original Note at the time of the transfer from Countrywide Home Loans, Inc. ("CHL"). In Mulert v. National Bank of Tarentum, 210 F. 857, 860 (C.A.3 1913), the Court held that "**holder** is a general word applied to anyone in actual or **constructive possession** of the bill, and entitled at law to recover or receive its contents from the parties to it." (Emphasis added). In

this case, CHL intended to transfer possession of the Note to the Defendant/Secured Creditor.

The original Note was not physically transferred because it was unable to be located.  Regardless,

the Note has been physically transferred now and the Defendant/Secured Creditor is entitled to

enforce the Note.


## POINT V

### THE POOLING AND SERVICING AGREEMENT AND POWER OF ATTORNEY GIVE CHL THE RIGHT TO FILE THE PROOF OF CLAIM

The Pooling and Servicing Agreement ("PSA") gives CHL the right to file the proof of claim

on behalf of the Defendant/Secured Creditor.  The Power of Attorney authorizes CHL and its officers

and agents to execute and record "any and all documents necessary to effect a foreclosure of a

Mortgage loan."


## CONCLUSION

As such, the Defendant/Secured Creditor had standing to file its' Proof of Claim and enforce

the obligations of the Note and Mortgage.  Based upon the foregoing, the Proof of Claim should not

be expunged.      However, Adams v. Madison Realty and Development, 853 F.2d 163, 168 states

that if a Debtor (primary party), "pays an instrument bearing an improper indorsement, he will not

have paid a holder, and the true owner of the instrument may recover against the primary party."

Accordingly, if Your Honor expunges the Proof of Claim, then CHL, as the true owner, must be

permitted to file a separate Proof of Claim.


**RESPECTFULLY SUBMITTED,**

Attorney for Defendant/Secured Creditor,
BAC Home Loan Servicing, L.P.

*/s/ Dori L. Scovish*

Dori L. Scovish, Esq.