| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>FRENKEL, LAMBERT, WEISS, WEISMAN & GORDON LLP<br>80 Main Street, Suite 460, West Orange, N.J. 07052<br>973-325-8800<br>Attorney for BAC Home Loan Servicing, L.P. (Formerly known as Countrywide Home Loans, Inc. servicer for Bank of New York), Secured Creditor<br>DLS-2756 | Case No.: **08-18700** |
| In Re:<br>**John T. Kemp** | CHAPTER 13<br><br>Judge: **Judith H. Wizmur** |
| **John T. Kemp,**<br>　　　　**Plaintiff,**<br>vs.<br><br>**Countrywide Home Loans, Inc.**<br>　　　　**Defendant.** | Trial Date: September 24, 2009<br><br>Adversary Proceeding: 08-02448 |

**SECOND SUPPLEMENTAL SUBMISSION BY DEFENDANT,**

**BAC Home Loan Servicing, L.P. (Formerly known as Countrywide Home Loans, Inc.,)**

**servicer for Bank of New York**

# LEGAL ARGUMENTS

## POINT V

## THE POOLING AND SERVICING AGREEMENT
## GIVE CHL THE RIGHT TO FILE THE PROOF OF CL
## AIM

The Pooling and Servicing Agreement ("PSA") gives CHL the right to file a proof of claim on behalf of the Defendant/Secured Creditor.  **Section 3.12 (b)** of the PSA states that the Master Servicer "**shall follow such practices and procedures as it shall deem necessary**" and that these practices and procedures shall be "**normal and usual in its general mortgage servicing activities**." In addition **Section 3.13**, states, in pertinent part:

> If the Master Servicer at any time seeks to initiate a foreclosure proceeding in respect of any Mortgaged Property as authorized by this Agreement, the Master Servicer shall deliver or cause to be delivered to the Trustee, for signature, as appropriate, any court pleadings, requests for trustee's sale or other documents necessary to effectuate such foreclosure..."

Based upon the foregoing, it is clear that the PSA gives CHL the right to engage in such practices and procedures as it deems "necessary."  It is clear that the authority to file a Proof of Claim on behalf of the Bank of New York is a "necessary" procedure/practice.  In order for the Bank of New York to enforce its' secured debt and protect its' interest in the property, it was necessary for CHL to file a Proof of Claim on behalf of the Bank of New York. Furthermore, CHL's filing the Proof of Claim was "normal and usual" procedure in the mortgage servicing industry.  If CHL did not possess the authority to act on behalf of the Bank of New York, CHL would not be able to manage their loans effectively.

## CONCLUSION

The Defendant/Secured Creditor had standing to file its' Proof of Claim and enforce the obligations of the Note and Mortgage.  Based upon the foregoing, the Proof of Claim should not be expunged.   If Your Honor determines that CHL did not have the authority to file the Proof of Claim on behalf of the Bank of New York and expunges the filed Proof of Claim, it is respectfully requested that, Bank of New York, as the true owner, be permitted to file a separate Proof of Claim and protect its' security interest.

**RESPECTFULLY SUBMITTED,**
Attorney for Defendant/Secured Creditor,
BAC Home Loan Servicing, L.P.

*/s/ Dori L. Scovish*

Dori L. Scovish, Esq.